**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, a corporation,<br><br>Plaintiff-in-Interpleader,<br><br>vs.<br><br>SUSAN HAWKINS, an individual, JENNIFER JONES, an individual, WESLEY COOK, an individual and DOES 1 through 10, inclusive,<br><br>Defendants-in-Interpleader. | Case No. 1:26-cv-03371-JLT-FJS<br><br>(Honorable Jennifer L. Thurston, Crtrm 4, 7th Floor, Fresno Courthouse)<br><br>[~~PROPOSED~~] ORDER GRANTING JOINT STIPULATION FOR DEPOSIT OF THE POLICY BENEFITS, DISCHARGE AND DISMISSAL WITH PREJUDICE<br><br>Complaint Filed: May 1, 2026 |

The Court has considered the Joint Stipulation for Deposit of the Policy Benefits, Discharge of Liability, and Dismissal With Prejudice (the "Joint Stipulation") filed by Plaintiff-in-Interpleader Principal Life Insurance Company and Interpleader Defendants Susan Hawkins, Jennifer Jones, and Wesley Cook (collectively, the "Interpleader Defendants"). For good cause shown, the Stipulation is **GRANTED** in its entirety.

**IT IS HEREBY ORDERED** as follows:

1. Within twenty (20) business days of the entry of this Order, Principal Life shall deposit into the Registry of the Court the death benefit of Policy No. 1108199 (the "Policy") in the amount of $16,250.00, plus applicable interest, (the "Policy Benefits").

2. Upon Principal Life's deposit of the Policy Benefits into the Registry of the Court as specified in Paragraph 1 above, Principal Life shall be dismissed from this action *with prejudice*, and Principal Life shall be discharged from any and all further liability with respect to, affecting, or in any way arising out of the Policy and/or the Policy Proceeds.

3. Upon Principal Life's deposit of the Policy Benefits into the Registry of the Court as specified in Paragraph 1 above, the Interpleader Defendants shall be permanently enjoined from instituting or prosecuting any other proceeding, arbitration, or lawsuit against Principal Life or any of its former, current, and future parent companies, subsidiaries, affiliates, agents, predecessors, successors, or assigns (including, but not limited to, Principal Life Insurance Company, Principal Financial Services, Inc., and Principal Financial Group, Inc.) with respect to the Policy benefits, the Policies, and any and all claims that were or could have been raised in this action against Principal Life.

4. Any person not yet joined as a party to this action who may make a claim for, or be entitled to, the Policy Proceeds is joined and subject to Paragraph 3 above.

5. Within ten (10) business days after entry of this Order, Principal Life shall produce the non-privileged portion of its Policy claim file to the Interpleader Defendants.

6. The Interpleader Defendants shall continue to assert in this action their claims to the Policy Benefits.

**ORDER**

The stipulation of the parties is **GRANTED** subject to the requirements of the Court's General Order No. 573.

IT IS SO ORDERED.

Dated: _August 25, 2026_

UNITED STATES DISTRICT JUDGE