UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>SUSAN HAWKINS et al,<br><br>Defendant(s). | No. 1:26-cv-03371-JLT-FJS<br><br>**ORDER REGARDING SETTLEMENT CONFERENCE PROCEDURES** |

The Court sets a settlement conference for February 11, 2027, at 1:00 p.m., Courtroom 10, before Magistrate Judge Erica P. Grosjean. The conference will be held remotely by Zoom.

Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference. It is recommended that pertinent evidence to be offered at trial, documents or otherwise, be brought to the settlement conference for presentation to the settlement judge. Neither the settlement conference statements nor communications during the settlement conference with the settlement judge can be used by either party in the trial of this case.

Absent permission from the Court, in addition to counsel who will try the case being present, <u>the individual parties shall also be present</u>. In the case of corporate parties, associations or other entities, and insurance carriers, a representative executive with authority to discuss, consider, propose and agree, or disagree, to any settlement proposal or offer <u>shall also be present</u>.

Parties are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face-to-face conference. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.

**IF ANY PARTY BELIEVES THAT A SETTLEMENT CONFERENCE WOULD BE FUTILE, THEN THAT PARTY SHALL CONTACT THE COURT NOT LATER THAN SEVENTY-TWO HOURS PRECEDING THE SCHEDULED SETTLEMENT CONFERENCE.**

***Confidential Settlement Statements***

At least five (5) court days prior to the settlement conference, each party shall submit a Confidential Settlement Conference Statement in Word format directly to Judge Grosjean's Chambers at epgorders@caed.uscourts.gov. The statement shall not be filed on the docket or served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the settlement conference clearly noted on the first page. The Confidential Settlement Conference Statement shall include the following:

A. A brief statement of the facts of the case.

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C. A summary of the proceedings to date.

D. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E. The relief sought.

F. The party's position on settlement, including present demands and offers and a

history of past settlement discussions, offers and demands.

IT IS SO ORDERED.

Dated: **November 25, 2026**

/s/ Eric P. Grosj

UNITED STATES MAGISTRATE JUDGE